# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRANDON GERACE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1230**  (BOR Appeal No. 2047107)
(Claim No. 2012001057)

**LOGAN HYDRAULICS COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandon Gerace, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Hydraulics Company, by Jeffrey Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2012, in which the Board affirmed a March 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 28, 2011, decision denying a request for surgery to the right hand/wrist. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 28, 2011, Mr. Gerace injured his right wrist while lifting a piece of sheet metal in the course of his employment as a welder with Logan Hydraulics Company. Later that day, Mr. Gerace was diagnosed with a right wrist sprain and an old right scaphoid fracture. On July 19, 2011, the claim was held compensable for a right wrist sprain. On September 21, 2011, Mr. Gerace was examined by Alan Koester, M.D., who diagnosed him with a right wrist sprain/strain with an underlying right scaphoid nonunion. Dr. Koester noted that the scaphoid nonunion occurred during a motorcycle accident five years earlier. He then stated that the scaphoid

1

nonunion was aggravated by Mr. Gerace's work-related injury. Dr. Koester performed a surgical stabilization of the scaphoid on October 13, 2011. On November 3, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala concluded that the October 13, 2011, surgery was not necessitated by the compensable injury. He further concluded that the compensable injury was a simple sprain/strain and that the surgery was performed to treat a nonunion of the scaphoid resulting from an earlier non-compensable injury. On November 28, 2011, the claims administrator denied a request for authorization for the right wrist surgical procedure.

In its Order affirming the November 28, 2011, claims administrator's decision, the Office of Judges held that the right wrist surgery at issue was requested for the stabilization of a non-compensable right wrist fracture and was therefore not reasonably required for the treatment of the compensable right wrist sprain. Mr. Gerace disputes this finding and asserts that the evidence of record demonstrates that he required right wrist surgery as a result of his compensable right wrist sprain.

The Office of Judges noted that Mr. Gerace's claim was held compensable for a right wrist sprain, and also noted that the right scaphoid fracture occurred five years before the compensable wrist sprain during a non-work-related motorcycle accident. The Office of Judges then found that Dr. Koester requested the surgery at issue for the purpose of stabilizing the scaphoid fracture of the right wrist. Finally, the Office of Judges concluded that the evidence of record indicates that the requested surgery was performed with the intention of stabilizing a right wrist fracture that did not occur in the course of Mr. Gerace's employment. The Board of Review reached the same reasoned conclusions in its decision of October 5, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 28, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II